UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

AUSTIN A. SAFRANEK,

                          Plaintiff,

          -against-

HON. CHRISTINE E. WORMUTH, in her
official capacity as Secretary of the Army and
LTG STEVEN W. GILLAND, in his official
capacity as Superintendent of the United States
Military Academy at West Point,

                          Defendants.

---------------------------------------------------------X

**OPINION AND ORDER**

23 Civ. 5985 (JCM)

Plaintiff Austin A. Safranek ("Plaintiff") commenced this action on July 12, 2023

pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, challenging the

Army Board for Correction of Military Records' ("ABCMR") denial of his application to correct

his military record. (Docket No. 1).  The parties agreed to a voluntary remand of the case,

(Docket No. 12), and on October 2, 2023, the Honorable Philip M. Halpern so ordered the

parties' proposed Stipulation and Order of Voluntary Remand, which remanded the matter to the

ABCMR for further consideration, (Docket No. 16).  On March 4, 2024, the ABCMR issued a

new decision granting Plaintiff the relief he requested. (Docket No. 32-5).  Thereafter, the Court

so ordered a Stipulation and Order of Dismissal, but retained jurisdiction to decide Plaintiff's

application for attorney's fees and expenses pursuant to the Equal Access to Justice Act

("EAJA"), 28 U.S.C. § 2412. (Docket No. 31).

 Presently before the Court is Plaintiff's motion for attorney's fees under the EAJA for

work performed by his counsel, Edward G. Williams ("Mr. Williams"). (Docket No. 32).

Defendants filed an opposition to Plaintiff's motion ("Defendants' Opposition"), (Docket No.

35), and Plaintiff filed a reply ("Plaintiff's Reply"), (Docket No. 37). For the reasons set forth herein, Plaintiff's motion is granted in part and denied in part, and the Court awards $34,320.61 in attorney's fees, plus $529.60 in costs.[1]

## I. BACKGROUND

On April 30, 2019, Plaintiff applied to the ABCMR to correct his military records with respect to his discharge from the West Point Military Academy ("West Point"). (Docket No. 8-1). On March 28, 2022, almost three years later, the ABCMR denied Plaintiff's application. (Docket No. 8-2). In January 2023, Plaintiff retained Mr. Williams of Lynn Occhipinti, LLP as counsel in this action.[2] (Docket No. 32-2 ¶¶ 11, 13). On July 12, 2023, Plaintiff filed the instant Complaint under the APA seeking judicial review of the ABCMR's March 2022 decision. (Docket No. 1). Shortly after the action was commenced, Defendants proposed to voluntarily remand the case to the ABCMR for reconsideration, and Plaintiff agreed. (Docket No. 12). Upon remand, on March 4, 2024, the agency granted Plaintiff the relief he requested. (Docket No. 32-5). Thereafter, the Court entered the parties' Stipulation and Order of Dismissal on May 30, 2024. (Docket No. 31).

Plaintiff now seeks an award of attorney's fees and costs in the amount of $62,930.71 for 240.5 hours in attorney time, which includes a reduction of 75 hours, 53.2 hours in paralegal time, and $529.60 in allowable costs. (Docket No. 32-10 at 9). Defendants argue that an 80% reduction of the requested fee is warranted, asserting that, notwithstanding the 75-hour reduction, Plaintiff's request "abounds with problems … including significant overbilling, billing for unnecessary work, block billing, and vague entries." (Docket No. 35 at 1).

---

[1] This action is before the Court for all purposes on the consent of the parties, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Docket No. 26).

[2] Plaintiff had different counsel in connection with his original application to the ABCMR. (Docket No. 32-2 at 2).

## II. DISCUSSION

### A. The EAJA

The EAJA provides in relevant part that:

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). To receive an award of attorney's fees under the EAJA, a party must submit to the court an application for fees and other expenses within thirty days of judgment, which: (i) shows that the party is a prevailing party and eligible to receive an award;[3] (ii) sets forth the amount sought, including an itemized statement of the actual time expended and the rate at which fees were computed; and (iii) alleges that the position of the United States was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(B). Defendants do not contest that Plaintiff was a "prevailing party" under the EAJA or that attorney's fees should be awarded.[4] (Docket No.

---

[3] A party is eligible for attorney's fees under the EAJA if his net worth did not exceed $2,000,000 at the time the civil action was filed. *See* 28 U.S.C. § 2412(d)(2)(B)(i).

[4] It is undisputed that Plaintiff has satisfied the EAJA requirements. *See Arnao v. Comm'r of Soc. Sec. Admin.*, No. 18–CV–6801 (KMK), 2024 WL 710410, at *2 (S.D.N.Y. Feb. 21, 2024). First, the instant motion is timely: the Clerk of the Court entered the parties' proposed Stipulation and Order of Dismissal on May 30, 2024, and that Order became a final judgment eligible for an award of attorney's fees after the sixty-day period for appeal elapsed. *See* 28 U.S.C. § 2412(d)(2)(G). Plaintiff brought the instant motion within thirty days after the appeal period expired. *See Shalala v. Schaefer*, 509 U.S. 292, 303 (1993) ("EAJA's 30-day time limit runs from the *end* of the period for appeal, not the *beginning*.") (emphasis in original). Second, Plaintiff is a "prevailing party" under the EAJA by virtue of (1) the parties' voluntary remand of the case pursuant to sentence four of 42 U.S.C. § 405(g); and (2) Plaintiff's success on the merits of the underlying claims of this action against the Army. *Id.* (finding that a party who benefits from a sentence-four remand is a prevailing party); *DiGennaro v. Bowen*, 666 F. Supp. 426, 429 (E.D.N.Y. 1987) (finding that the plaintiff was a "prevailing party" because she established her entitlement to social security disability and Supplemental Security Income). Third, Plaintiff is eligible to receive an award because his net worth was less than $2,000,000 at the time that the action commenced. *See* 28 U.S.C. § 2412(d)(2)(B); Docket No. 32-1 ¶ 5. Fourth, Plaintiff set forth the amount sought and included an itemized statement of the actual time expended and the rate at which fees were computed. (Docket Nos. 32-10 at 9; 32-7).

35 at 3 n.1). Defendants' primary challenge is that the requested fees are "grossly excessive."[5]

(Docket No. 35 at 4).

## B. Reasonable Fees Under the EAJA

"Once the court determines that the prevailing party has met the threshold for an award of

fees and costs under the EAJA, it must determine what fee is reasonable." *U.S. v. U.S. Currency*

*in the sum of $660,200.00*, 438 F. Supp. 2d 67, 69 (E.D.N.Y. 2006); *see also INS v. Jean*, 496

U.S. 154, 160-61 (1990). A reasonable fee is calculated under the lodestar method. *See Alicea v.*

*City of New York*, 272 F. Supp. 3d 603, 608 (S.D.N.Y. 2017); *see also Millea v. Metro-N. R.R.*

*Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("Both [the Second Circuit] and the Supreme Court have

held that the lodestar ... creates a 'presumptively reasonable fee.'") (quoting *Arbor Hill Citizens*

*Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 183 (2d

Cir. 2008)). "The most useful starting point for determining the amount of a reasonable fee is

the number of hours reasonably expended on the litigation multiplied by a reasonable hourly

rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). However, "[t]here is no precise rule or

formula for determining a proper attorney's fees award; rather, the district court should exercise

its equitable discretion in light of all relevant factors." *Beastie Boys v. Monster Energy Co.*, 112

F. Supp. 3d 31, 48 (S.D.N.Y. 2015) (internal quotations and citation omitted). "[T]he fee

applicant bears the burden of ... documenting the appropriate hours expended[.]" *Hensley*, 461

U.S. at 437.

Here, Plaintiff seeks an award of attorney's fees and costs of $62,930.71, which is

comprised of $58,831.11 for 240.5 hours of attorney work, $3,570 for 53.2 hours of paralegal

work, and $529.60 in costs. (Docket No. 32-10 at 9). This amount reflects a 75-hour reduction

---

[5] Defendants do not contest Plaintiff's requested costs. (Docket No. 35 at 13). The Court has reviewed Plaintiff's request for costs and agrees that $529.60 in costs is reasonable.

that Plaintiff's counsel already applied. (Docket No. 37 at 4). Defendants claim that, even with

this reduction, Plaintiff's fee request is "grossly excessive." (Docket No. 35 at 4). Defendants

argue that the fees should be reduced by eighty percent since this is a straightforward matter, and

"[a]s soon as the case was filed, [Defendants] proposed a voluntary remand of the case to the

ABCMR for reconsideration." (Docket No. 35 at 1). Plaintiff counters that it would be unjust to

deny his "application for attorney's fees and costs as such fees and costs are allowed under the

EAJA," and Plaintiff had to incur substantial legal fees as a result of West Point's "wrongful

actions." (Docket No. 32-10 at 6). Plaintiff also asserts that it would be unfair to reduce the

requested fees further because Mr. Williams already "'wrote off' $21,000 in time charges in

connection with its work early on in this matter, including the time to prepare ... four memoranda

[which Defendants contest]." (Docket No. 37 at 7-8).

## 1. Reasonable Hourly Rates

Courts retain "considerable discretion" in determining "a reasonable hourly rate." *Arbor

Hill*, 522 F.3d at 190. Under the EAJA, a reasonable hourly rate must be based on "prevailing

market rates for the kind and quality of the services furnished, except that ... attorney fees shall

not be awarded in excess of $125 per hour unless the court determines that an increase in the cost

of living ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). "Cost of living adjustments may

be made for inflation and calculated according to the Consumer Price Index ('CPI') for each year

in which services were performed." *Salvo v. Comm'r of Soc. Sec.*, 751 F. Supp. 2d 666, 673 n.9

(S.D.N.Y. 2010) (citing *Ortiz v. Chater*, No. 95–CV–3126 (ERK), 1997 WL 50217, at *5

(E.D.N.Y. Jan. 30, 1997)). Courts "determin[e] the cost-of-living adjustment by multiplying the

basic EAJA rate by the current [CPI] for urban consumers (CPI–U), and then dividing the

product by the CPI–U in the month that the cap was imposed ([which is] March 1996 for post-

amendment cases)." *Morales v. Colvin*, No. 13 Civ. 06844 (LGS), 2015 WL 4597547, at *1

(S.D.N.Y. July 29, 2015) (citing *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001)).

Defendants concede that Plaintiff's proposed hourly rates of $244.62 for attorneys and

$50-$100 for paralegals are "appropriate and reasonable." (Docket No. 35 at 3 n.2).  Upon

review of the CPI,[6] the Court also finds the requested hourly rates to be reasonable. *See Salvo*,

751 F. Supp. 2d at 673 n.9.

## 2.  Reasonable Number of Hours Expended

"Attorneys are not entitled to fees under the EAJA for work that is unreasonable,

redundant, excessive, or unnecessary." *Salvo*, 751 F. Supp. 2d at 674 (citing *Torres*, 2007 WL

1810238, at *14).  The Court has "broad discretion" in determining the amount of time

reasonably expended, and need not "scrutinize[] each action taken or the time spent on it[.]"

*Aston v. Sec'y of Health & Human Servs.*, 808 F.2d 9, 11 (2d Cir. 1986) (citation omitted).  In

addition, the Second Circuit has cautioned that "attorney's fees are to be awarded with an eye to

moderation, seeking to avoid either the reality or the appearance of awarding windfall fees." *N.Y.*

*State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1139 (2d Cir. 1983) (internal

quotations omitted).

While Plaintiff's underlying case is a military matter, EAJA cases involving Social

Security matters are instructive, although not dispositive.  In the Social Security context, when

determining whether the amount of time spent on a case is reasonable, courts consider factors

such as "the factual, substantive, and procedural complexity of the case," "the size of the

administrative record," and "the efficacy of the attorney's efforts." *Molina o/b/o M.W.M. v.*

---

[6] Although the Court has reviewed the CPI, "since [Defendants do] not object to [Plaintiff's] CPI calculations, the
Court will not question or recreate the calculations." *Torres v. Barnhart*, No. 02 Civ. 9209 (AJP), 2007 WL
1810238, at *15 (S.D.N.Y. June 25, 2007) (citing *Hiciano v. Apfel*, No. 98 Civ. 4037 (DLC), 2002 WL 1148413, at
*3 (S.D.N.Y. May 29, 2002)).

*Berryhill*, 15-CV-8088 (JLC), 2017 WL 3437572, at \*2 (S.D.N.Y. Aug. 11, 2017)

(quoting *Stewart v. Comm'r of Soc. Sec.*, No. 12–CV–3121 (AJN), 2014 WL 2998530, at \*3

(S.D.N.Y. July 2, 2014)).  The Court considers each of these factors in turn.

First, Plaintiff is a "prevailing" party. (Docket No. 32-10 at 2-3).  This fact alone reflects

the efficacy of Mr. Williams' efforts. *See Elliot v. U.S. Dep't of State*, 122 F. Supp. 3d 39, 43

(S.D.N.Y. 2015) ("[A] prevailing party must achieve some material alteration of the legal

relationship of the parties that is judicially sanctioned.") (internal quotations omitted); *see also*

*DiGennaro*, 666 F. Supp. at 429.  Indeed, Defendants do not contest this fact.

Second, Mr. Williams' Declaration indicates that the administrative record before the

ABCMR was 144 pages. (Docket Nos. 32-2 ¶ 20; 8-1; 8-2; 8-3).  Defendants argue that it should

not have taken Plaintiff's counsel more than 20 hours to review and prepare a complaint in this

case, given the size of the record.[7] (Docket No. 35 at 6).  However, Mr. Williams asserts that he

had to review a voluminous record, including "many hand-written, or very technical and

detailed" documents, to commence the District Court action and litigate Plaintiff's claims before

the ABCMR following remand. (Docket No. 37 at 3).  He further alleges that "[t]he very size of

the record in this matter is testified to by the fact it took the ABCMR thirty-three (33) single-

spaced pages to recount and analyze the facts in its decision on remand[.]" (Docket No. 37 at 4).

Even if the additional documents listed in Plaintiff's Reply were part of the official

administrative record, this factor alone does not warrant over 79 hours to draft the complaint, nor

does it warrant over 240 hours of work on the case. *See Barbour v. Colvin*, 993 F. Supp. 2d 284,

---

[7] Although "[c]ourts in this Circuit agree that 20 to 40 hours is a reasonable amount of time to spend on a routine Social Security case[,]" *Forrest v. Colvin*, No. 15 Civ. 01573 (KPF), 2016 WL 6892784, at \*3 (S.D.N.Y. Nov. 21, 2016), this is unique to Social Security cases and not applicable here.

291-92 (E.D.N.Y. 2014) (finding request for attorney's fees of 61.1 hours of work excessive despite a nearly 1,000-page record).

Third, the Court finds that this case presents no complex or novel issues. *See id.* ("[A]side from the sheer size of the administrative record, the [p]laintiff does little to demonstrate the complexity of the issues involved in this case."). Defendants maintain that this was a "factually and procedurally straightforward" matter that did not warrant the excessive work attributed to it. (Docket No. 35 at 6). Plaintiff counters that "this matter required careful and contemplative analysis of the facts and the law unique to it." (Docket No. 37 at 1). He further notes that "there was no template or playbook that [Mr. Williams] could follow." (*Id.*). However, there is nothing in the record before the Court to suggest that the military law or facts underlying Plaintiff's case were notably complex or unique. Plaintiff also cites to no case suggesting that military law is a specialized area that requires deference when analyzing fees. *See Joell v. Wormuth*, 687 F. Supp. 3d 340, 347 (N.D.N.Y. 2022) (finding that the plaintiff failed to demonstrate that his "counsel's expertise in military law [was] a specialized skill warranting an increase in the hourly rate above the cap set forth in the EAJA"). In fact, the key tasks that Mr. Williams completed on Plaintiff's behalf—including reviewing the record, filing a complaint, and post-remand work—are those a typical attorney can perform. *See id.* (concluding that reading a decision from an administrative agency, drafting a complaint alleging violations of the APA, and seeking declaratory judgment did not "demand knowledge or skills that most attorneys do not possess"). Further, most of the documents in the "enormous" list set forth in Plaintiff's Reply are relatively straightforward. (Docket No. 37 at 3-4). Moreover, the length of the ABCMR decision only demonstrates that Plaintiff's underlying case was fact-intensive—not that any complex legal issues were involved.

Fourth, the Court considers *when* Plaintiff retained Mr. Williams. Typically, an attorney's lack of familiarity with a case can justify hours that initially appear excessive. *Borus v. Astrue*, No. 09–CV–4723 (PAC)(RLE), 2012 WL 4479006, at *3 (S.D.N.Y. Sept. 28, 2012) (citing *DiGennaro*, 666 F. Supp. at 433). Here, Plaintiff retained Mr. Williams almost four years after filing his initial application to the ABCMR.[8] The Court acknowledges that, as a result, Mr. Williams had to review multiple documents to understand the facts and underlying legal questions in the case. However, Mr. Williams has already "[written] off" time that he spent mastering the case's facts and legal issues:

> We "wrote off" [75 hours of recorded attorney time] in consideration of the steep learning curve we faced, not only with mastering an understanding of the terms of the Statement of Policies an incoming Cadet is required to agree to (but could not possibly understand) on the Cadet's rushed [sic] day one at the Academy; the many (and intricate) disciplinary rules and regs of West Point including those pertaining to Conduct Investigations and Brigade Boards; the extensive facts pertaining to Mr. Safranek's almost five years at the Academy, and also the rights and remedies available to individuals "adversely affected" by agency action as such rights may be limited for servicemembers by Section 701 of the APA, the Feres Doctrine, the Intramilitary Immunity Doctrine, and the Supreme Court's decisions in *Orloff v. Willoughby, Chappell v. Wallace* and their progeny. *See* 345 U.S. 83 (1953); 462 U.S. 296 (1983).

(Docket No. 32-10 at 7-8). In addition, this case was remanded promptly after Plaintiff filed the Complaint, so it did not require extensive legal briefing.

In light of the above factors, on balance, the Court finds that the 240.5 hours expended were excessive and not reasonable. *Cf. Joell*, 687 F. Supp. 3d at 346 (finding that the 87.3 hours that plaintiff's counsel expended in plaintiff's ABCMR action was reasonable).

---

[8] Plaintiff filed his initial application to the ABCMR in April 2019. (Docket No. 8-1). Plaintiff retained Mr. Williams in January 2023. (Docket No. 32-2 ¶ 11).

**3. Specific Time Sheet Entries Contested by Defendants**

The Court has also reviewed counsel's contemporaneous time records, including the specific time entries that Defendants challenge. (Docket No. 32-7). Defendants cite to multiple instances of alleged unnecessary and excessive work, including: (1) at least 64 hours drafting four internal pre-Complaint memoranda (provided to Plaintiff's uncle, a former partner at Latham & Watkins, LLP); (2) approximately 80 hours drafting the Complaint; and (3) approximately 95.5 hours of post-remand work. (Docket No. 35 at 5-8). In Plaintiff's Reply, Mr. Williams maintains that analyzing the documents in this case was time-consuming and the work performed was necessary, not redundant. (Docket No. 37 at 3-6). Moreover, Plaintiff contends that a further reduction of fees would be unjust in light of the hours that counsel has already written off. (Docket No. 32-10 at 7-8).

Plaintiff's arguments are unpersuasive. The Court agrees that the nearly 80 hours spent drafting a 23-page complaint is excessive. *See Lynch v. Town of Southampton*, 492 F. Supp. 2d 197, 213 (E.D.N.Y. 2007) ("Here, the complaint was 43 pages and set forth three causes of action, two of which were ultimately not pursued. In this Court's view, the 97.83 hours for the intake and preparation of the complaint was excessive. Allocating four full days at eight hours per day or thirty-two hours[] would be sufficient."). The instant Complaint contains only two claims and should not have required more than 25 hours to draft, especially after Plaintiff's uncle, an attorney, shared an outline of a complaint with Mr. Williams. (Docket No. 32-7, December 1, 2022 entry). Similarly, the Court finds that the approximately 64 hours spent drafting four pre-Complaint memoranda were excessive and unnecessary.[9] *Quinn v. Astrue*, No.

---

[9] Because Mr. Williams applied the 75-hour reduction to account for his time spent mastering the facts in Plaintiff's case, including the time spent drafting four pre-Complaint memoranda, the Court does not consider the time spent drafting these memoranda when assessing an additional reduction.

3:06–CV–1303 (GLS/RFT), 2008 WL 5234300, at *2 (N.D.N.Y. Dec. 15, 2008) (reducing

counsel's attorney's fees when he spent "more than 70 hours of attorney work prior to the

Commissioner[']s offer of remand[,] … of which nearly 63 hours were spent drafting and

revising the district court brief").  It is also unclear why Plaintiff's counsel spent 21 hours

between filing the Complaint and remand, since preparation of the administrative record is the

Government's responsibility, and Defendants offered to remand the case on August 3, 2023—

only three weeks after the case was filed. (Docket No. 32-7, August 3, 2023 entry).  Finally,

Plaintiff's counsel's 95.5 hours of post-remand work is also excessive given the extensive legal

research that was completed *prior* to filing the instant action. (Docket No. 32-7 at 2-18).  It

appears that most of that time was spent researching and drafting an 11-page submission to the

ABCMR. (Docket No. 32-4).  This is clearly unreasonable.

Defendants also claim that the paralegal time expended on this case is excessive.  They

note that certain tasks reflected in paralegal time entries were unnecessary (citing to three

paralegal entries dated *before* the Complaint was filed), while others reflect "purely clerical

tasks." (Docket No. 35 at 9).  Courts generally do not award fees for "[p]urely clerical or

secretarial tasks." *Finch v. Saul*, 17-CV-892 (OTW), 2020 WL 1940308, at *6 (S.D.N.Y. Apr.

22, 2020) (internal quotations omitted).  Courts in this Circuit have held that tasks such as filing

documents via Electronic Case Filing ("ECF"), downloading documents, serving papers, and

preparing mailings are clerical. *See Siegel v. Bloomberg L.P.*, 13-CV-1351 (DF), 2016 WL

1211849, at *7 (S.D.N.Y. Mar. 22, 2016) ("With respect to tasks that are 'purely clerical,' such

as downloading, scanning, or copying documents and organizing files, such work is generally not

compensable, whether performed by an attorney or a paralegal."); *Torcivia v. Suffolk Cnty.*, 437

F. Supp. 3d 239, 253 (E.D.N.Y. 2020) (finding that "preparing a summons and complaint for

service, ECF filings, entering dates into a calendar, and communications regarding ordering a court reporter" are clerical tasks).  Plaintiff maintains that "the work performed by the paralegals was necessarily incurred; was of great aid to the attorney; and resulted in reducing the total fees charged to [him]." (Docket No. 32-10 at 8).

The Court does not agree that the work reflected in the paralegals' time entries dated before the Complaint was filed was inherently unnecessary, but finds that certain paralegal entries reflect clerical time.  Examples of inappropriate clerical tasks include, but are not limited to: 3/8/2023 (.24: "Attention to e-mail from EGW; locate and send requested cases and complaints to EGW for further review"); 3/8/2023 (.24: "Attention to further email from EGW; pull requested papers from Pacer and send same to EGW for review"); and 4/24/2023 (.30: "Attention to email from EGW; send requested docket report to EGW from Pacer; send additional requested documents from Pacer"). (Docket No. 32-7).  Such entries are not compensable.

Finally, Defendants assert that many time entries are vague or include block billing, further warranting a reduction. (Docket No. 35 at 10-12).  When assessing fee requests, courts routinely apply across the board reductions to address vague entries or block billing in billing records. *Ortiz v. City of New York*, 843 F. App'x 355, 360 (2d Cir. 2021) ("When there are problems with billing records, such as vague entries or block-billing, we have approved the use of percentage cuts as a practical means of trimming fat from a fee application.") (internal quotations omitted); *see also Hines v. City of Albany*, 613 F. App'x 52, 55 (2d Cir. 2015) (affirming thirty percent reduction for, in part, block billing); *Walker v. City of New York*, No. 11–CV–314 (CBA), 2015 WL 4568305, at *9 (E.D.N.Y. July 28, 2015) (reducing fee award by twenty percent because of attorney's vague time entries); *R.F.M. v. Nielsen*, No. 18–CV–5068

-12-

(LLS) (OTW), 2020 WL 6393583, at *8 (S.D.N.Y. May 4, 2020) (applying ten percent reduction

for block billing and vague entries), *report and recommendation adopted*, 2020 WL 6393718

(S.D.N.Y. May 20, 2020).  Here, the billing records include multiple vague entries and entries

reflecting block billing, as highlighted in Defendants' Opposition, warranting a reduction.

(Docket No. 35 at 11-12).

**4.  A Forty-Five Percent Reduction is Warranted**

After careful review of the record, and considering the factors analyzed above, the Court

concludes that the total number of hours expended (240.5 hrs), approximately 125 of which was

billed *before* Mr. Williams filed the Complaint, and in a case that was voluntarily remanded, was

excessive and warrants a reduction.

"In lieu of making minute adjustments to individual timekeeping entries, a court may

make across-the-board percentage cuts in the number of hours claimed, 'as a practical means of

trimming fat from a fee application.'" *Heng Chan v. Sung Yue Tung Corp.*, No. 03 Civ. 6048

(GEL), 2007 WL 1373118, at *5 (S.D.N.Y. May 8, 2007) (quoting *In re Agent Orange Prod.*

*Liability Litig.*, 818 F.2d 226, 237 (2d Cir. 1987)); *see also N.Y. State Ass'n for Retarded*

*Children, Inc.*, 711 F.2d at 1146 (noting that courts may apply a general "percentage cut[] as a

practical means of trimming fat from a fee application").  As a result, the Court reduces all time

charged by forty-five percent.  In light of counsel's own 75-hour reduction, the Court finds the

eighty percent reduction that Defendants propose excessive.  However, a forty-five percent

reduction is appropriate in light of: (1) the amount of work reflected in counsel's time entries

relative to the straightforward nature of this case; (2) the fact that this case was voluntarily

remanded shortly after the Complaint was filed, before any litigation; (3) the numerous vague

entries and instances of block billing reflected in counsel's time records; and (4) clerical time

reflected in paralegal time entries. *See Guardians Ass'n of Police Dep't of New York v. City of New York*, 133 F. App'x 785, 786 (2d Cir. 2005) (affirming eighty percent reduction for excessive hours and vague time records in case that involved "the filing of a complaint and an amended complaint, opposition to a motion to consolidate with another case, some preliminary discovery and interrogatory issues, a settlement, and a fee application"); *Cawthon v. Zhousunyijie*, 22–CV–03021 (LJL), 2024 WL 1156073, at *11 (S.D.N.Y. Mar. 18, 2024) (applying a fifty percent across-the-board reduction where the number of hours counsel expended were excessive); *Off. Comm. of Unsecured Creditors of Exeter Holdings, Ltd. v. Haltman*, CV 13–5475 (JS)(AKT), 2018 WL 7291396, at *12 (E.D.N.Y. Aug. 24, 2018) (applying an "across-the-board fee reduction of 40%" where the hours billed were "excessive and, in many places, illustrative of block billing"); *Agudelo v. E & D LLC*, No. 12–CV–960 (HB), 2013 WL 1401887, at *3 (S.D.N.Y. Apr. 4, 2013) ("Rather than making minute-by-minute deductions, to remedy [excessive] billing practices I instead reduce all of counsel's time charges by 50 percent."). Moreover, a forty-five percent reduction amounts to approximately 132.3 hours of attorney time, which is still higher than other courts have found reasonable in similar cases. *See, e.g.*, *Joell*, 687 F. Supp. 3d at 346 (finding 87.3 hours reasonable because Plaintiff had a right to challenge the remand).

Accordingly, the Court reduces the requested attorney and paralegal fees by forty-five percent.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's application for attorney's fees pursuant to the EAJA

is granted in part and denied in part.  Plaintiff is awarded attorney's fees in the amount of

$34,320.61, and costs in the amount of $529.60.

The Clerk is respectfully directed to terminate the pending motion for attorney's fees

(Docket No. 32).

Dated:    December 19, 2024
          White Plains, New York

SO ORDERED:

_____
JUDITH C. McCARTHY
United States Magistrate Judge